Filed 2/28/14  P. v. Detiege CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064074 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244633) |
| SAMUEL JOSEPH DETIEGE, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

A jury found Samuel Joseph Detiege, Jr., guilty of robbery (Pen. Code, § 211)[1] and found true an allegation he personally used a deadly or dangerous weapon during the

---

1      Further statutory references are also to the Penal Code.

commission of the offense (§ 12022, subd. (b)(1)). Detiege admitted having four prior prison commitment convictions (§ 667.5, subd. (b)), two prior serious felony convictions (§§ 667, subd. (a)(1)), and six prior strike convictions (§ 667, subd. (b)-(i), 1170.12). The court dismissed the prior prison commitment findings, but denied Detiege's motion inviting the court to dismiss five of the six prior strike conviction findings. The court stayed imposition of sentence on the personal weapon use enhancement finding and sentenced Detiege to 25 years to life for the robbery conviction plus 10 years for the serious felony conviction findings.

Detiege appeals. His appointed appellate counsel filed a brief requesting we independently review the record for error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) Having done so and having identified no reasonably arguable appellate issues, we affirm the judgment.

BACKGROUND

*Prosecution Evidence*

A man approached a gas station cashier, pulled out a knife and aggressively demanded the cashier give him all of the money in the cash register. The cashier opened the register and gave the man about $1,000. The man then left the store, passing a customer. The customer noticed the man was carrying cash in his right hand. The customer did not see a knife, but thought the man mumbled the word "stab."

After the man left, the cashier immediately called 911. Although the man had something covering his face, the cashier could see his eyes and forehead. She described the man as biracial, in his 40's or 50's, five feet four or five inches tall, with a medium

2

build, and green or blue eyes. She had seen him at the gas station once or twice before. At trial and in a pretrial photographic lineup, she identified Detiege as the man. However, at the preliminary hearing, she testified she was not sure whether Detiege was the man.

Surveillance video showed the man drove an older two-toned pickup truck with a camper shell. He wore a white baseball cap, a red long-sleeve shirt, gray jeans, and brown shoes. About a week after the robbery, a police sergeant saw a truck matching the suspect's truck. The truck was registered to Detiege and he was the sole occupant of it.

Officers searched Detiege and the truck. They did not find a knife or a large amount of cash on Detiege or in the truck. A police detective also searched Detiege's home. The detective did not find a large amount of cash there. However, the detective found a maroon long-sleeve shirt and a white baseball cap. The detective also found a butcher knife in the kitchen matching the one used by the robber.

The shirt the detective found matched the shirt worn by the suspect. In addition, the jeans and shoes Detiege wore at the time of his arrest matched the jeans and shoes worn by the suspect.

Cell phone records showed calls to and from Detiege's phone around the time of the robbery used a cell phone tower within a one mile radius of the gas station. One of the calls was from Detiege's former girlfriend. An expert opined the same tower would not have been used if Detiege's cell phone was at Detiege's home around the time of the robbery.

*Defense Evidence*

Detiege's former girlfriend testified that, on the day of the robbery, Detiege was with her from mid-morning until more than an hour after the robbery occurred. At the time of the robbery, they were at her home, which was in the same mobile home park as his home.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442. Consistent with *Anders v. California* (1967) 386 U.S. 738, 744, counsel identified the following possible, but not reasonably arguable issues (*Anders* issues):

(1) Whether the court erred by failing to read the pattern jury instructions as written;

(2) Whether the court erred by failing to read the pattern jury instruction on alibi as a separate instruction and instead informed the jury it incorporated the "language of alibi, that is, the People have to prove beyond a reasonable doubt that it was [Detiege] who committed the robbery, not just somebody committed the robbery," into another pattern jury instruction; and

(3) Whether the court abused its discretion in denying Detiege's motion inviting the court to dismiss the prior strike conviction findings.

We granted Detiege permission to file a supplemental brief on his own behalf. He did not do so.

4

As requested by counsel, we reviewed the record for error and did not find any reasonably arguable appellate issues.  Detiege has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.


                                                                    McCONNELL, P. J.

WE CONCUR:


NARES, J.


O'ROURKE, J.